IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BOBBY LEE ROBERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-192 |
| | ) | (Formerly CR 109-139) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Medical Center in Butner, North Carolina, after receiving permission from the Eleventh Circuit Court of Appeals, has filed a second motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.    **BACKGROUND**

A.    **Indictment**

On September 2, 2009, the grand jury in the Southern District of Georgia charged Petitioner in a two-count indictment with one count of possession of a firearm and ammunition by a convicted felon and one count of possession of a stolen firearm. United States v. Roberson, CR 109-139, doc. no. 1 (S.D. Ga. Sept. 2, 2009) (hereinafter "CR 109-139"). The felon in possession charge, brought pursuant to 18 U.S.C. § 922(g)(1), also included an Armed Career Criminal Act ("ACCA") enhancement under 18 U.S.C. § 924(e).

The enhancement applies when a defendant has at least three prior convictions for a violent felony or serious drug offense.  Id. at 2 and doc. no. 2.  The statutory minimum penalty for an ACCA conviction is fifteen years imprisonment, and the statutory maximum is life imprisonment.  CR 109-139, doc. no. 2.  Without the § 924(e) enhancement, the felon in possession count carried a possible statutory sentence of not more than ten years imprisonment.  18 U.S.C. § 924(a)(2).  The Court appointed attorney Benjamin Brewton under the Criminal Justice Act to represent Petitioner.  CR 109-139, doc. no. 26.

**B.     Agreement to Plead Guilty**

On September 29, 2010, Petitioner appeared with counsel before United States District Judge J. Randal Hall and pled guilty to the felon in possession charge.  Id., doc. nos. 44-46.  In exchange for the guilty plea, the government agreed to (1) dismiss the stolen firearm charge and recommend to the state prosecutor to dismiss the same underlying charge pending in state court; (2) not oppose a two-point acceptance of responsibility reduction and move for an additional one-point reduction under U.S.S.G. § 3E1.1(b); and (3) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or a reduction of Petitioner's sentence under Fed. R. Crim. P. 35.  Id., doc. no. 46, pp. 2-3.

For his part, Petitioner admitted the factual basis for his guilty plea, including having been previously "convicted of at least three violent felony offenses, committed on occasions different from one another," to include:  four burglaries committed in 1986, 1992, 1997.  Id. at 7-8.  The four burglary convictions listed in the plea agreement are the same four burglaries listed in count one of the indictment.  Id., doc. no. 1, p. 1.  As part of the plea agreement, Petitioner also agreed to waive the right to file a direct appeal and the right to

collaterally attack his conviction and sentence unless his sentence exceeded the statutory maximum, the sentencing court upwardly departed from the advisory Guideline range, or the government appealed the sentence. Id., doc. no. 46, pp. 6-7.

During the change of plea hearing, Judge Hall established Petitioner's competence to enter a guilty plea if he so desired. Id., doc. no. 68, pp. 6-8, 27-28. Judge Hall reviewed the charges and the possible statutory penalties for the charge to which Petitioner was pleading guilty. Id. at 4-5, 12-13, 23-24. The Court also reviewed the rights Petitioner was waiving by pleading guilty and established Petitioner was satisfied with the services rendered by Mr. Brewton. Id. at 8-12.

Special Agent Ronald Rhodes with the Bureau of Alcohol, Tobacco, Firearms and Explosives testified as to the factual basis for Petitioner's guilty plea, including that Petitioner had at least four prior felony convictions for burglary. Id. at 13-19. When asked by Judge Hall if he disagreed with the factual recitation from Special Agent Rhodes, Petitioner did not object to anything about his prior convictions. Id. at 19-20. Indeed, Petitioner testified under oath that he understood the elements of, was guilty of, and wanted to plead guilty to the felon in possession charge, including that he had previously been convicted of "a number of felonies." Id. at 12, 20, 27.

### C.    Sentencing

The United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-one, Criminal History Category at VI, and Guideline imprisonment range at 188 to 235 months. PSI ¶¶ 23, 38, 57. The PSI specifically delineated Petitioner had at least three previous convictions for burglary that made him subject to an ACCA enhancement under 18 U.S.C. § 924(e), and it detailed the

four burglary convictions listed in indictment and plea agreement.  PSI ¶¶ 21, 26, 28, 29, 34.

Petitioner filed ten objections to the PSI, but he did not object to the use of his prior burglary convictions to determine he qualified for an ACCA enhancement.  See PSI Add.; CR 109-139, doc. no. 61 (hereinafter "Sent. Tr."), pp. 1-39.  After addressing the objections and hearing from defense counsel and Petitioner in mitigation, Judge Hall imposed a sentence of 225 months imprisonment, along with a five-year term of supervised release, and a $100 special assessment.  Sent. Tr., pp. 40-48; CR 109-139, doc. no. 52.  The Court entered judgment on March 9, 2011.  CR 109-139, doc. no. 52.

### D.     Direct Appeal

Despite the appeal waiver in the plea agreement, Petitioner filed a direct appeal.  Id., doc. no. 54.  Although Petitioner had conceded under oath before Judge Hall that he had the qualifying prior convictions for an ACCA enhancement, on appeal he challenged the use of his burglary convictions as predicate offenses.  Id., doc. no. 70, United States v. Roberson, No. 11-14137 (11th Cir. Oct. 18, 2012).  The Eleventh Circuit Court of Appeals found that the burglary offenses counted as predicate ACCA offenses, and accordingly that the appeal waiver applied because the sentence imposed did not exceed the statutory maximum.  Id. at 4 n.3.

### E.     First § 2255 Motion

Petitioner signed his first § 2255 motion on June 18, 2014, and the Clerk of the Court filed it on June 23, 2014.  Id., doc. no. 73.  Petitioner raised one ground for relief, arguing his prior burglary convictions no longer counted as ACCA predicate offenses after Descamps v. United States, 570 U.S. -, 133 S. Ct. 2276, 2281 (2013).  See generally id.  The undersigned recommended dismissal of the motion as time-barred, and even disregarding the timeliness

4

issue, determined the motion was without merit because Petitioner's prior burglary convictions were properly counted as predicate offenses under the ACCA.  Id., doc. no. 77. Petitioner objected to the recommendation and requested Judge Hall not take final action on the motion until after the United States Supreme Court decided Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551 (2015).  Id., doc. no. 79.  Judge Hall overruled the objections and denied Petitioner's first § 2255 motion on June 18, 2015.  Id., doc. no. 81.

On June 26, 2015, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process.  Johnson, 135 S. Ct. at 2563.  In Welch v. United States, 578 U.S.-, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Petitioner then filed a Rule 59(e) motion to alter or amend the § 2255 judgment, contending his burglary convictions fell under the now-invalid residual clause of the ACCA and therefore did not qualify as predicates.  CR 109-139, doc. no. 83.  Judge Hall denied the motion, explaining:

> [Petitioner's] reliance on Johnson is misplaced . . . . [Petitioner's] prior burglary convictions fall under the "enumerated offenses clause."  As explained, this conclusion follows from the fact that Georgia has a divisible burglary statute and [Petitioner's] burglaries involved "buildings," qualifying as "generic burglary" under ACCA . . . . In short, because [Petitioner] was designated as an armed career criminal for three enumerated offenses (i.e. burglaries), Johnson is completely irrelevant to his claims.  As such he is not entitled to relief from the judgment entered against him in this § 2255 case.

Id., doc. no. 88, pp. 3-4.  Petitioner did not appeal any of the rulings in his first § 2255 proceedings.

### F.    Second § 2255 Motion

Arguing that his ACCA sentence was improperly enhanced in light of Descamps and Johnson, Petitioner next sought permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion.  In re Roberson, No. 16-16088-J (11th Cir. Oct. 3, 2016), CR 109-139, doc. no. 89.  The Eleventh Circuit rejected Petitioner's Descamps claim, finding Descamps did not announce a new rule of constitutional law for purposes of § 2255(h)(2).  Id. at 2.  However, the Eleventh Circuit granted Petitioner's application with respect to his Johnson claim because Petitioner made a *prima facie* showing that his claim implicated Johnson.  Id. at 6.  In its ruling, the Eleventh Circuit cautioned it made a limited determination to allow the filing of a second motion, and because no merits had been conclusively resolved by simply allowing the motion to be filed, this Court did not owe deference to the *prima facie* finding.  Id. at 5-6.

In the second § 2255 motion filed in this Court on November 15, 2016, Petitioner again argues his burglary convictions are not properly counted as ACCA predicates after Johnson, and therefore his ACCA sentence is unlawful.  (Doc. no. 1.)  Respondent contends (1) Petitioner has not met the requirements for a second or successive motion under § 2255(h); and, (2) even if Petitioner does meet the § 2254(h) requirements, Petitioner still has at least three predicate offenses for burglary under the enumerated offenses clause of the ACCA.  (Doc. no. 3.)

## II.    DISCUSSION

### A.    Petitioner Has Not Met the Requirements for a Successive Motion Under § 2255(h).

Petitioner is entitled to one § 2255 motion, and he must receive permission from the

Eleventh Circuit to file a "second or successive" motion. 28 U.S.C. § 2255(h). The Eleventh Circuit will authorize a second or successive § 2255 motion if Petitioner can make a *prima facie* showing that there is:

> (1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. However, even if the Eleventh Circuit authorizes a second or successive motion, this Court is required to determine whether Petitioner has met the requirements of § 2255(h) *de novo*. In re Moore, 830 F.3d 1268, 1271 (11th Cir. 2016) ("[T]he district court is to decide the § 2255(h) issues fresh, or in the legal vernacular, *de novo*.") (citing Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007)); In re Bradford, 830 F.3d 1273, 1276 (11th Cir. 2016) ("[I]n the context of applications to file successive § 2255 motions, we have adopted Jordan, 485 F.3d at 1358.").

Here, despite the Eleventh Circuit's threshold determination that Petitioner presented a *prima facie* claim under Johnson, Petitioner has not met the requirements of § 2255(h). Petitioner does not present "newly discovered evidence" under § 2255(h)(1). Thus, he must meet the requirements of § 2255(h)(2) by demonstrating his case presents "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was *previously unavailable*."  (emphasis added).

While the Supreme Court has determined Johnson is a new rule of constitutional law made retroactive to cases on collateral review, it was not "previously unavailable" to Petitioner.  Indeed, Petitioner presented his Johnson claim in his first § 2255 motion, lost,

took no appeal, and now simply wants to re-litigate the merits.  See McClouden v. United States, Nos. CR 609-015/CV 616-089, 2016 WL 5109530, at *1 (S.D. Ga. Sept. 20, 2016) (rejecting second § 2255 motion where Johnson claim raised and rejected in first § 2255 motion), *adopted by*, 2016 WL 6139928 (S.D. Ga. Oct. 21, 2016); Peek v. United States, Nos. CR 408-221/CV 416-165, 2016 WL 4926431, at *2 (S.D. Ga. Sept. 14, 2016) (same), *adopted by*, Nos. CV 416-165/CR 408-221, 2017 WL 235190 (S.D. Ga. Jan. 18, 2017).  As described in Section I(E), in the course of those prior proceedings, the Court ruled:  "Johnson is completely irrelevant to [Petitioner's] claims" because his prior burglary offenses qualify as predicates under the enumerated offenses clause of the ACCA.  CR 109-139, doc. no. 88, p. 4.  Because Petitioner's Johnson claim was previously available, indeed was made and rejected, he has not met the requirements of § 2255(h)(2).

Nor does Petitioner's reliance on Descamps v. United States, 570 U.S. -, 133 S. Ct. 2276, 2281 (2013), and Mathis v. United States, 579 U.S. -, 136 S. Ct. 2243 (2016), provide a basis for proceeding with a successive § 2255 motion.  Neither decision addresses "a new rule of constitutional law."  Mathis, 136 S. Ct. at 2251 (relying on "precedents" and "longstanding principles" to explain methodology for comparing elements of state crime to listed generic offense in ACCA); In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016) (explaining Descamps was not a "new rule of constitutional law for § 2255(h)(2) purposes, and thus [] cannot serve as a basis . . . for authorizing a second or successive § 2255 motion.").

**B.     Even if Petitioner Were Authorized to Proceed with a Successive § 2255 Motion, He Is Not Entitled to Resentencing.**

Even if Petitioner's Johnson claim were previously unavailable and Petitioner had met the requirements to bring a second or successive motion under § 2255(h), he is not

entitled to the relief he seeks because his burglary convictions continue to qualify as ACCA predicates under the enumerated offenses clause.

### 1.     Parsing the Three Clauses of the ACCA

The ACCA defines violent felony as any felony that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Subsection (i) is the elements clause, while subsection (ii) is subdivided into (a) the enumerated offenses clause, and (b) the now invalid residual clause. See In re Thomas, 823 F.3d 1345, 1347 (11th Cir. 2016).

### 2.     Petitioner's Four Prior Burglary Convictions Qualify as Predicates Under the Enumerated Offenses Clause of the ACCA.

As set forth *supra*, the now-invalidated residual clause of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Johnson did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony," all of which may still be used to impose ACCA enhancements. Johnson, 135 S. Ct. at 2563. Thus, an ACCA enhancement may still be validly applied based on an offense falling under the enumerated offenses clause of the ACCA, not the residual clause. See 18 U.S.C. § 924(e)(2)(B)(ii) (defining violent felony as "burglary, arson, or extortion" or an offense involving "use of explosives").

Petitioner's four prior burglary offenses, which Petitioner admitted as part of his plea agreement and to which Petitioner did not object when delineated in the PSI, fall under the

enumerated offenses clause, and he therefore qualifies as a an armed career criminal, even after Johnson. This follows from the fact that Georgia has a divisible burglary statute, and Petitioner's burglaries all involved a building or other structure, qualifying as "generic burglary" under the ACCA. However to reach this conclusion, it is helpful to review the analysis required under Mathis and Descamps, *supra*, for using the modified categorical approach to determine whether a burglary qualifies as generic burglary.

To determine whether a defendant's prior conviction qualifies as a predicate ACCA offense under the enumerated offenses clause, courts compare the elements of the ACCA predicate offense to the elements of the prior conviction. Descamps, 133 S. Ct. at 2281-82. A prior conviction qualifies as an ACCA predicate offense only if the elements of the prior conviction are the same or narrower than the elements of the ACCA predicate offense. Id. Because the ACCA does not specify the elements for the predicate, enumerated offenses, courts apply the elements of these "generic" crimes as commonly understood. Id.; United States v. Gundy, 842 F.3d 1156, 1161 (11th Cir. 2016).

Comparison of the elements between the prior conviction and ACCA offense is simple when the charging statute for the prior conviction is indivisible, meaning that the statute sets out a single set of elements for the offense. Courts refer to this simple comparison as the "categorical approach." Descamps, 133 S. Ct. at 2281. In this type of case, the court need only "line[] up that crime's elements alongside those of the generic offense and see[] if they match." Mathis, 136 S. Ct. at 2248.

A complication arises, however, when the charging statute for the prior conviction sets out one or more elements in the alternative, such as a burglary statute that defines burglary as either the unlawful entry into a building or an automobile. See Descamps, 133 S.

Ct. at 2281-82.  A criminal statute that lists elements in the alternative, and thereby defines multiple crimes, is "divisible." Mathis, 136 S. Ct. at 2249.  "Faced with a 'divisible' statute, courts must identify which crime in the statute formed the basis of the defendant's conviction."  Gundy, 842 F.3d at 1162.  In such cases, courts may use the modified categorical approach and look beyond the charging statute to determine which of the alternative elements formed the basis of the prior conviction, by reference to a limited class of documents such as indictments, plea agreements, and jury instructions. Descamps, 133 S. Ct. at 2282.  In addition to these so-called Shepard documents,[1] the Eleventh Circuit has also allowed courts to use "undisputed facts contained in a PSI."  United States v. Ramirez-Flores, 743 F.3d 816, 821 (11th Cir. 2014) (citation omitted).  Courts "then compare the elements of that identified crime to the elements of the relevant generic offense."  Gundy, 842 F.3d at 1162.

Generic burglary "contains at least the following elements:  an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime."  Taylor v. United States, 495 U.S. 575, 598 (1990).  At the time of Petitioner's state burglary convictions, the Georgia Code defined felony burglary as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012).

---

[1] Shepard v. United States, 544 U.S. 13, 26 (2005).

In Gundy, the Eleventh Circuit examined this version of the Georgia burglary statute after the ruling in Mathis, applying the Supreme Court's instructions on how to interpret and apply the enumerated offenses provision of the ACCA when a statute has "disjunctive phrasing" that raises the issue as to whether the statute aligns precisely with the generic offense as intended by Congress. Gundy, 842 F.3d at 1162 (citing Mathis, 136 S. Ct. at 2249, 2253). As has been explained in this District:

> When faced with such a state statute, the court must decide whether the disjunctive language creates (1) multiple crimes that are "divisible" into those alternative *elements* that match the generic version of the ACCA enumerated crime and those that do not, or (2) a single crime that has an "indivisible" set of elements and simply lists various alternative factual *means* of committing that single offense. Gundy, 842 F.3d at 1162. An indivisible statute must exactly match the generic crime or else it cannot count as an ACCA predicate offense. Id. A divisible statute, on the other hand, may suffice as an ACCA predicate if it can be determined that the defendant was convicted of the generic crime rather than an alternative, non-generic crime. Id.

Clemons v. United States, CR 408-225 / CV 416-005, 2017 WL 473968, at *2 (S.D. Ga. Jan. 6, 2017), *adopted by*, 2017 WL 470900 (S.D. Ga. Feb. 3, 2017).

Applying Mathis, the Eleventh Circuit has determined "the plain text of the Georgia statute has three subsets of different locational elements, stated in the alternative and in the disjunctive . . . effectively creating several different crimes." Gundy, 842 F.3d at 1167. "That the Georgia prosecutor must select and identify the locational element of the place burgled – whether the place burgled was a dwelling, building, railroad car, vehicle, or watercraft - is the hallmark of a divisible statute." Id. Therefore, as described above, the Court may use the modified categorical approach to determine whether Petitioner's prior burglary convictions match the generic definition of burglary Congress intended to count as a predicate offense in the enumerated offenses clause of the ACCA. See id. at 1168.

Here, the <u>Shepard</u> documents from Petitioner's prior burglary convictions, attached as Exhibits C through F to Respondent's briefing, (doc. no. 3), as well as the uncontested facts in the PSI, (¶¶ 26, 29, 34), show Petitioner was convicted four times of unlawfully entering a building or other structure with intent to commit a crime therein:  (1) a building, to-wit: SAVIN-HAVIN, located at 3333 Old Savannah Road; (2) a building, to wit:  a garage behind M.W. Callaway Funeral Home, located at 113 W. Gibson Street; (3) a building, to-wit: Thomas Automotive located at 5069 Columbia Road; and, (4) the dwelling house of another, to-wit:  Ennis Thomas located at 5069 Columbia Road.  As Petitioner's four prior Georgia burglary convictions "substantially conform to the generic definition of burglary," they qualify as violent felonies under the enumerated offenses clause of the ACCA.  <u>Gundy</u>, 842 F.3d at 1168-69.

Petitioner's argument concerning overbreadth of the Georgia burglary statute likewise affords him no relief.  (Doc. no. 1, pp. 11-16).  First, Petitioner relies on <u>Descamps</u>, *supra*, to make his argument.  As discussed in detail above, <u>Descamps</u> did not announce a new rule of constitutional law and therefore cannot support a successive § 2255 motion.  <u>In re Hires</u>, 825 F.3d at 1303.  Second, and also set forth in detail above, the Supreme Court has long applied the definition of generic burglary as "contain[ing] at least the following elements:  an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime."  <u>Taylor</u>, 495 U.S. at 598.  Nothing in <u>Descamps</u> altered that definition, and in fact the Supreme Court cited these same essential elements set forth in <u>Taylor</u> in both <u>Descamps</u>, 133 S. Ct. at 2283, and <u>Mathis</u>, 136 S. Ct. at 2283.

In sum, Petitioner's enhanced sentence under § 924(e) was properly imposed, and he is not entitled to the resentencing he seeks.

13

**III.     CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 29th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA